IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DVM MANUFACTURING, LLC. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-6369 |
| GALLAGHER, ET AL. | : | |

MEMORANDUM

SURRICK, J.                                                                                                AUGUST 8, 2017

Presently before the Court is Plaintiff's Motion to Quash the Subpoena served on nonparty, WM Group Engineers, P.C. ("WM"). (ECF No. 18.) For the following reasons, Plaintiff's Motion to Quash will be denied.

I.   BACKGROUND

Plaintiff DVM Manufacturing, LLC ("DVM") alleges that Defendant Bernard Gallagher improperly accessed and destroyed documents on Plaintiff's email server, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Defendants served a subpoena on WM ("the Subpoena"), a nonparty, seeking to obtain documents related to Plaintiff's allegations.[1] Specifically, the Subpoena requested that WM produce documents relating to: (1) Plaintiff's allegations that Defendant unlawfully accessed Plaintiff's computer system; (2) WM's business relationship with Plaintiff, as it relates to Defendants; and (3) meetings between Plaintiff, WM, and Defendants, as they relate to Defendants' allegedly unlawful actions. (Pl.'s Mot. Quash, Ex. A, ECF No. 18.) On July 10, 2017, Plaintiff filed the instant Motion to Quash. Defendants filed a Response in Opposition to Plaintiff's Motion on July 24, 2017. (Defs.' Resp., ECF No. 20.)

---

[1] Defendants include Bernard Gallagher and PVI CM, Inc.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. *See* Fed. R. Civ. P. 45. When a nonparty receives a subpoena to which it objects, it has several options, including: file a motion to quash or modify the subpoena pursuant to Rule 45(d)(3), or seek a protective order pursuant to Rule 26(c). *See, e.g., Frank Brunckhorst Co. v. Ihm*, No. 12-0217, 2012 WL 4963757, at *5 (E.D. Pa. Oct. 18, 2012) (citing *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990) (outlining options nonparties have when objecting to a subpoena)).

"A subpoena under Rule 45 must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (citation and internal quotation marks omitted). If the subpoena is within the general scope of discovery, then the burden shifts to the party opposing the subpoena to establish that Rule 45(d)(3) provides a basis to quash the subpoena. *See In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014). Courts are required to quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

## III. DISCUSSION

Plaintiff argues that the Subpoena should be quashed because it: (1) threatens unreasonable annoyance, embarrassment, oppression, burden or expense to WM; (2) was served

in bad faith; (3) may potentially damage Plaintiff's business relationship with WM; (4) is overly broad and irrelevant to Plaintiff's claims; and (5) seeks private and confidential documents. (Pl.'s Mot. Quash 1-2.) Defendants respond that Plaintiff does not have standing to object to the Subpoena because the Subpoena is directed towards WM, a nonparty. Defendants further argue that even if Plaintiff had standing, Plaintiff's Motion should nevertheless be denied because the parties have already stipulated to a Confidentiality Order, and the Subpoena is not unreasonably burdensome.

A. **Standing**

Defendants argue that Plaintiff lacks standing to quash the Subpoena served on nonparty, WM. In general, "a party does not have standing to quash a subpoena served on a third party." *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (citations omitted). "There is an exception, however, when the party claims some personal right or privilege in respect to the subject matter of the subpoena." *Green v. Cosby*, 216 F. Supp. 3d 560, 563-64 (E.D. Pa. 2016) (citation and internal quotation marks omitted); *see also First Sealord*, 918 F. Supp. 2d at 382 (noting that a party does not have standing to object to a subpoena served on a nonparty absent a showing that the party has a personal right or privilege); *In re Actiq Sales & Mktg. Practices Litig.*, No. 07-4492, 2011 WL 5509434, at *2 (W.D. Pa. Nov. 10, 2011) ("It is clear that, as a general rule, a party has no standing to seek to quash a subpoena directed to a nonparty. But an exception exists where the party-movant can demonstrate a claim of privilege or personal right." (internal citations and quotation marks omitted)). "[T]he mere fact that a third-party subpoena seeks information about a party's conduct would likely not suffice to give that party a 'personal interest' in the subject matter of the subpoena." *Green*, 216 F. Supp. 3d at 564. "This exception typically does not apply to motions to quash premised on an 'undue burden' theory." *Malibu*

*Media, LLC v. Doe*, No. 15-2281, 2016 WL 524248, at *2 (M.D. Pa. Feb. 10, 2016) (citations omitted).

Plaintiff has not demonstrated that it has a privilege or personal right to the information sought in the Subpoena. To the contrary, Plaintiff states that it is "searching its records to confirm whether the information sought in the Subpoena is subject to a mutual non-disclosure agreement between it and WM," and argues that it "*potentially* maintains a personal right or privilege with respect to the subject matter of the Subpoena." (Pl.'s Mot. Quash 2 (emphasis added).) This is not sufficient to establish standing.

First, Plaintiff does not assert that it has a personal right or privilege in the subject matter, and instead raises the *possibility* of such a right. Second, the Subpoena very specifically does not "seek[] the production of any privileged documents or communications." (Pl.'s Mot. Quash, Ex. A, 5.) Therefore, in the event that WM is in possession of privileged information between itself and Plaintiff, WM is not required to produce such documents. Third, the parties have already stipulated to a protective order, which serves to protect the respective parties from the release of "non-public information that could significantly compromise, jeopardize and/or negatively impact the producing party's competitive business interests." (Protective Order, ECF No. 15.) In the event that WM produces documents that Plaintiff deems confidential, Plaintiff may—according to the stipulation—designate the documents as "HIGHLY CONFIDENTIAL" and notify the other parties of this designation. (*Id.* at 2.) Accordingly, we find that Plaintiff has not established that it has standing to quash the Subpoena served on WM, a nonparty.

### B. Unreasonable Burden

Rule 45(c)(3)(A) authorizes a court to quash or modify a subpoena if it subjects a person or entity to an undue burden. Plaintiff contends that the Subpoena "threatens unreasonable annoyance, embarrassment, oppression, burden or expense to WM." (Pl.'s Mot. Quash 1.) A party does not have standing to quash a subpoena served on a nonparty simply because the subpoena is unreasonably burdensome. *See Malibu Media, LLC v. Doe*, No. 15-8252, 2016 WL 3876425, at *4 (D.N.J. July 14, 2016) ("A party does not generally have standing to challenge a third party subpoena based on undue burden because the subpoena is directed at the [third party] and not the defendant.") (citation omitted); *Third Degree Films, Inc. v. Does 1-118*, No. 11-03006, 2011 WL 6837774, at *3 (D. Md. Dec. 28, 2011) ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the [nonparty] and not the [] Defendants and accordingly does not require them to produce any information or otherwise respond.").

Even if Plaintiff could establish standing, we would nevertheless find that the Subpoena is not unreasonably burdensome. "[A] District Court may quash or modify a subpoena if it finds that the movant has met its *heavy burden* of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Composition Roofers Union Local 30 Welfare Tr. Fund v. Graveley Roofing Enters., Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995) (citation omitted) (emphasis added); *see also First Sealord*, 918 F. Supp. 2d at 383 ("This burden is particularly heavy to support a motion to quash as contrasted to some more limited protection such as a protective order.") (citation and internal quotation marks omitted); *Frank Brunckhorst Co. v. Ihm*, No. 12-0217, 2012 WL 5250399, at *4 (E.D. Pa. Oct. 23, 2012) ("In considering a motion to quash or modify a subpoena, a court may [] grant such a motion if it finds that the movant has

met the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive." (citation omitted)). In order for a court to determine that a subpoena is unduly burdensome, the "person seeking to quash [the] subpoena . . . bears the burden of proving that it is unreasonable or oppressive." *SLB Enter., LLC v. AGI Corp.*, No. 11-259, 2011 WL 6134542, at *1 (E.D. Pa. Dec. 8, 2011). Here, Plaintiff has provided absolutely no reason or support to demonstrate that the Subpoena is unreasonably burdensome. Plaintiff has not met the heavy burden of establishing that WM's compliance with the Subpoena would be unreasonable or oppressive to Plaintiff. Accordingly, even if Plaintiff had standing to quash the Subpoena, Plaintiff's Motion would nevertheless be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Quash will be denied. An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.